16

Penton Publishing Co., Appellee, *v.* Kosydar, Tax Commr.,
Appellant.
[Cite as Penton Publishing Co. v. Kosydar (1976),
45 Ohio St. 2d 16.]

(No. 74-1114—Decided January 14, 1976.)

*Messrs. Squire, Sanders & Dempsey, Mr. William H. Lutz, Jr., Mr. David A. Nelson* and *Mr. Eric M. Oakley*, for appellee.

*Mr. William J. Brown*, attorney general, and *Mr. Ronald B. Noga*, for appellant.

O'NEILL, C. J.     The issue to be determined in this cause is whether the transfer of the magazines to the readers by Penton Publishing Company is a "sale" under R. C. 5739.01(B).   If it is a "sale," Penton should not be required to pay sales or use taxes on materials and machinery purchased for use in the production of the magazines during the audit period.* R. C. 5739.01(E)(2).

R. C. 5739.01(E)(2) excepts from the definition of "retail sale" and "sales at retail" those *sales* in which the purpose of the consumer is:

"To incorporate the thing transferred as a material or a part, into tangible personal property to be produced for sale by manufacturing * * * or to use or consume the thing transferred directly in the production of tangible personal property * * * for sale * * *."

R. C. 5739.01(B) defines "sale" and "selling," as follows:

" 'Sale' and 'selling' include all transactions by which title or possession, or both, of tangible personal property, is or is to be transferred, or a license to use or consume tangible personal property is or is to be granted * * * *for a consideration in any manner*, whether absolutely or conditionally, whether for a price or rental, in money or by ex-

---

*Effective October 30, 1973, R. C. 5739.02(B)(4) was amended (135 Ohio Laws 902, 903) to except controlled circulation magazines from sales and use taxes.

change, and by any means whatsoever * * *." (Emphasis added.)

In order for a transfer of possession of property to constitute a sale within the meaning of the Sales Tax Act, the transfer must be for a consideration. R. C. 5739.01(B); *General Motors Corp.* v. *Kosydar* (1974), 37 Ohio St. 2d 138, 310 N. E. 2d 154; *Coca-Cola Bottling Corp.* v. *Kosydar* (1975), 43 Ohio St. 2d 186, 331 N. E. 2d 440; *Kloepfer's* v. *Peck* (1953), 158 Ohio St. 577, 110 N. E. 2d 560. The measure of consideration is the price of the object transferred. *Kloepfer's* v. *Peck, supra.*

Prior to 1959, R. C. 5739.01(H) defined "price" as: "* * * the aggregate value in money of any thing paid or delivered, or promised to be paid or delivered, *by a consumer to a vendor* in the complete performance of a retail sale * * *." (Emphasis added.)

In 1959, this section was amended to delete the words "by a consumer to a vendor." 128 Ohio Laws 421, 425. The clear intent of the General Assembly was to make transfers "sales," whether the source of the consideration for the transfer was the consumer or a third party.

The Tax Commissioner contends that the advertisers only paid for the printing of their ads in the magazines, and not for the transfer of the completed magazines as entities to the selected readers. This argument lacks merit. Not only did the advertisers pay to have their ads printed, they paid to have them printed within the format of the entire magazine and distributed to a particular group of readers.

In the instant cause, the court finds that Penton was making sales of the magazines within the meaning of R. C. 5739.01(B).

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.